UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL SHEETS,

        Petitioner,

                                         CASE NO. 1:16-CV-716

v.

                                         HON. ROBERT J. JONKER

S. L. BURT,

        Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 5) and Petitioner's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 6).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections.  The Court finds the Magistrate Judge's Report and Recommendation (ECF No. 5) is factually sound and legally correct.

The Magistrate Judge recommends denying Petitioner's habeas petition as barred by the one-year statute of limitations.  In his Objections, Petitioner primarily reiterates and expands arguments raised in his original Petition.  Nothing in Petitioner's Objections changes the fundamental analysis.  The Magistrate Judge properly concluded that the petition is time-barred.  The Court finds that dismissal is appropriate, for the very reasons the detailed in the Report and Recommendation.  Moreover, to the extent Petitioner is trying to complain that he is not receiving therapy the prosecutor promised in a plea agreement, his claim would not be cognizable in habeas anyway.  If Plaintiff wishes to complain about his conditions of confinement, he may file an appropriate Section 1983 action after exhaustion of all available administrative remedies.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1).  The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability.  FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901–02 (6th Cir. 2002).  Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El v. Cockrell*, 537 U.S. 322,

338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The Court does not believe that reasonable jurists would find the Court's assessment of the claim Petitioner raised debatable or wrong.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 5) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** as barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that Petitioner's request for a certificate of appealability is **DENIED**.


Dated:     October 3, 2016          /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE